IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **BILLY BAGGETT,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:18-cv-00517 |
| **SHERIFF JOHN FUSON,** *et al.*, | ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE |
| Defendants. | ) | FRENSLEY |

## MEMORANDUM

Plaintiff Billy Baggett, an inmate of the Montgomery County Jail in Clarksville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Sheriff John Fuson, Captain M. Pierce, Corporal f/n/u Hannifield, and Deputy M. Thompson, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016)(citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007)(citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.  Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)(quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III.  Alleged Facts

The complaint alleges that, while incarcerated at the Montgomery County Jail on April 19, 2018, Plaintiff "got in an argument" with another inmate during rec time. (Doc. No. 1 at 6). Deputy Thompson was in the guard tower at the time, and he did not intervene or send a floor deputy to intervene. (*Id.*) Instead, Thompson sent a deputy to lock Plaintiff down for 72 hours

pursuant to a write-up. (*Id*.) Plaintiff was not given a copy of the write-up and was not allowed to read it. (*Id.*) Plaintiff asked to speak with Sergeant Welch or Corporal Riley, but neither would see Plaintiff. (*Id.*) Plaintiff filed a grievance in an effort to get a hearing, but he has not been permitted to have a hearing. (*Id.* at 7). His placement in lock-down for 72 hours caused Plaintiff to lose his job and work credits for 30 days. (*Id.*) According to Plaintiff, "this made [him] have to serve an[] extra 30 days on [his] sentence . . . without no [sic] hearing at all." (*Id.*)

On May 19, 2018, Plaintiff was told that a job board had met and extended his punishment by six additional months. (*Id.*) On May 21, 2018, Plaintiff received a form signed by Captain Hannifield stating that "they" voted to extend Plaintiff's punishment by another six months. (*Id*.) Plaintiff sent a request to Hannifield for a copy of the panel's vote and was told that he needed a subpoena. (*Id.*) Plaintiff believes that these actions violate his Federal due process rights. (*Id*.)

**IV.     Analysis**

Plaintiff sues four Defendants in their official capacities only. (Doc. No. 1 at 2-3). These Defendants are John Fuson, Sheriff of Montgomery County; M. Pierce, Captain at the Montgomery County Jail; f/n/u Hannifield, Corporal at the Montgomery County Jail; and M. Thompson, Deputy at the Montgomery County Jail. (*Id*.)

When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, Defendants are employees of Montgomery County, Tennessee. A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Montgomery County or its agent. *Monell Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978).

In short, for Montgomery County to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir.2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)); *Regets v. City of Plymouth*, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Montgomery County under Section 1983. The complaint does not identify or describe any of Montgomery County's policies, procedures, practices, or customs relating to the incidents at issue; the complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Montgomery County on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the Court finds that the complaint does not contain sufficient

allegations to state a claim for municipal liability against Montgomery County. Plaintiff's claims against all four Defendants in their official capacities therefore must be dismissed.

**V.       Conclusion**

For the reasons explained above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against all of the named Defendants. 28 U.S.C. § 1915A. Therefore, this action will be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

						_____
						WILLIAM L. CAMPBELL, JR.
						UNITED STATES DISTRICT JUDGE